603 A.2d 1019

**COMMONWEALTH of Pennsylvania**

v.

**Barry MOURAR, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided Feb. 28, 1992.

William J. Honig, Norristown, for appellant.

James P. McElree, II, Dist. Atty., Nicholas J. Casenta, Jr., Asst. Dist. Atty., Ernest D. Preate, Jr., Atty. Gen., Robert A. Graci, Chief Deputy Atty. Gen. and Anthony Sarcione, Exec. Dep. Dir., Crim. Law Div. for amicus, Office of the Atty. Gen. of Pennsylvania.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

378

ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent from the majority's disposition of this appeal because it raises an important question with regard to the Commonwealth's entitlement to receive restitution in a criminal matter.

The Appellant entered a plea of guilty to four counts of selling drugs to uncover officers. As a result of this plea, the Appellant received a sentence of imprisonment for 7 to 14 months for the first offense, 10 to 20 months for the second offense, 16 to 32 months for the third offense and 22 to 42 months for the fourth offense. All sentences were to run consecutively for a total sentence of 4½ to 9 years imprisonment. Appellant was also ordered to make restitution of $6,500.00, the amount spent by the Pennsylvania Bureau of Drug Control and the Chester County Detectives' Office to make purchases that ultimately led to the filing of charges against Appellant.

On appeal, the Appellant challenged the constitutionality of the sentencing guidelines, the sentencing scheme employed in his case, and the propriety of requiring restitution where the injured person is the government. Superior Court dismissed the challenge to the sentencing guidelines, agreed the sentencing scheme was improper and remanded for resentencing, and ruled that restitution could be ordered in this case because the Commonwealth could qualify as a "person" pursuant to 18 Pa.C.S. § 1106(h).

Both parties filed Petitions for Allowance of Appeal. In its Petition, the Commonwealth challenged the Superior Court's disposition of the multiple sentencing scheme, while in his petition, the Appellant challenged the constitutionality of the sentencing guidelines and the restitution issue. We granted both petitions and consolidated them for argument

with *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). In light of our disposition of *Sessoms*, we vacated the Superior Court's order in this appeal and remanded to that court for reconsideration of resentencing issue in accordance with *Sessoms*. On remand, the Superior Court vacated the judgment of sentence and remanded to the trial court for resentencing. With regard to the restitution issue, the Superior Court held that the Commonwealth was a "victim" as that term is used in the crimes code thereby making restitution a proper remedy for a governmental agency. However, since the record was void of any evidence disclosing the Appellant's ability to make restitution and the trial court did not provide the manner by which the restitution would be made, the Superior Court vacated the restitution order and remanded it to the trial court for a new hearing.

Again, Appellant filed a Petition for Allowance of Appeal limited to the issue of restitution. Because I disagree with the majority's dismissal of this appeal as having been improvidently granted, I must dissent and specially note my reasons.

The issue of whether 18 Pa.C.S.A. § 1106 is applicable to cash expended by a party who willfully and knowingly exchanges money for an illegal substance is one of first impression in this Court. Section 1106 provides in pertinent part:

(a) **General rule.** Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefore.

In reviewing this section, it is clear that there must be a conviction wherein property has been stolen, converted or unlawfully obtained in order for the Commonwealth to be successful in obtaining restitution. The remaining qualifications, value being substantially decreased or a victim

suffering personal injury, are not applicable since the value of the cash remains constant and the Commonwealth has suffered no "personal injury". Since the Appellant has been convicted, and the property has not been stolen or converted, the only issue is whether or not the Commonwealth can sustain its burden that the property was *otherwise unlawfully obtained.*

In accordance with the long established rule of ejusdem generis, general words shall be construed to take their meanings and be restricted by preceding particular words. 1 Pa.C.S.A. § 1903(b). In this instance, this rule requires that the general words "or otherwise unlawfully obtained" take their meaning and be restricted by the preceding and particular meanings of "stolen, converted".

According to Black's Law Dictionary (3rd Edition 1969), stolen is defined as acquired, or possessed, as a result of some wrongful or dishonest act or taking whereby a person willfully obtains or retains possession of property which belongs to another and with the intent to deprive the owner the benefit of such ownership or possession permanently. Likewise, Black's Law Dictionary defines conversion as an unauthorized assumption and exercise of the right of ownership over goods belonging to another. Under both definitions, a person must commit some willful, wrongful or dishonest act in order to be accused of stealing or converting another's property.

Applying the rule of ejusdem generis, the "otherwise unlawfully obtained" element of § 1106(a) would mandate a conclusion that a person would have to have obtained the property through some dishonest or unauthorized act. Since in this instance, the governmental undercover agents voluntarily traded cash for drugs, the Appellant cannot be accused of unlawfully obtaining the cash. Clearly, the Appellant has not wrongfully or dishonestly assumed possession of the money exchanged without the government's authorization. The cash was voluntarily given without surreptitious activity and therefore is not consistent with characterizing the Appellant's actions as illegal or dishonest.

To avoid this conclusion, the Superior Court has strained the language of the statute in order to reach a desired result. Thus, the Superior Court appears to hold that since the Commonwealth received nothing legal in exchange for its money, the money used to purchase the drugs was lost. I cannot accept this analysis and find nothing either in the statute or case law to support this conclusion.

Finally, if the Commonwealth wishes to be included in that class of persons to be entitled to restitution under Section 1106, then it is incumbent upon it to request this relief from legislature rather than this Court. For the foregoing reasons, I cannot agree with the majority's disposition of this appeal; I would reach the merits and reverse the Superior Court.